The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically on January 10, 2019, which may be different from its entry on the record.

**IT IS SO ORDERED.**

**Dated: January 10, 2019**



ARTHUR I. HARRIS
UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| PAMELA DENISE JOHNSON, | ) | Case No. 17-40266 |
|     Debtor. | ) | |
| | ) | Judge Arthur I. Harris |
| | ) | |
| ANDREW W. SUHAR, TRUSTEE, | ) | |
|     Plaintiff. | ) | Adversary Proceeding |
| | ) | No. 18-4032 |
| v. | ) | |
| | ) | |
| PAMELA DENISE JOHNSON, | ) | |
|     Defendant. | ) | |

MEMORANDUM OF OPINION[1]

On August 9, 2018, Andrew W. Suhar, the Chapter 7 trustee, initiated this adversary proceeding alleging that the debtor, Pamela Denise Johnson, had failed to turnover property of the estate and seeking revocation of the debtor's discharge

---

[1] This Opinion is not intended for official publication.

under 11 U.S.C. § 727(d)(3) and (a)(6)(A). This matter is currently before the Court on the trustee's motion for summary judgment (Docket No. 9) and the debtor's response (Docket No. 10). For the reasons that follow, the trustee's motion is granted.

## JURISDICTION

The Court has jurisdiction over this action. A claim for revocation of discharge pursuant to 11 U.S.C. § 727(d)(3) and (a)(6)(A) is a core proceeding under 28 U.S.C. §§ 157(b)(2)(J) and 1334 and Local General Order No. 2012-7, entered by the United States District Court for the Northern District of Ohio.

## FACTUAL AND PROCEDURAL BACKGROUND

Unless otherwise indicated, the following facts are undisputed. On February 21, 2017, the debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. The Court granted the debtor a discharge on June 9, 2017 (Docket No. 13). On August 1, 2017, the trustee filed a motion requesting the Court to compel the debtor, pursuant to 11 U.S.C. § 542, to turnover her 2016 federal and state income tax returns and the sum of $1,973, consisting of the nonexempt portion of the debtor's 2016 federal and state income tax refunds (Docket No. 17). On August 4, 2017, the debtor responded to the trustee's motion and requested a hearing (Docket No. 20). Following a hearing on

2

November 30, 2017, the Court entered an order on December 4, 2017, granting the trustee's motion and directing the debtor to turnover to the trustee the sum of $1,973 by February 28, 2018 (Docket No. 24).

When the debtor failed to turnover this amount, the trustee filed the above-captioned adversary proceeding on August 9, 2018, asserting that the debtor had failed to obey the Court's order directing turnover of funds and seeking to have the debtor's discharge revoked under 11 U.S.C. § 727(d)(3) and (a)(6)(A) (Adv. Pro. Docket No. 1). The debtor answered on September 10, 2018, admitting her failure to comply with the Court's order but asserting that the trustee had failed to prove with specificity that the debtor had outright refused to comply with the Court's order (Adv. Pro. Docket No. 5). After holding two pretrial conferences, the Court issued a scheduling order on October 10, 2018 (Adv. Pro. Docket No. 7). On November 19, 2018, the trustee filed a motion for summary judgment (Adv. Pro. Docket No. 9). On December 10, 2018, the debtor responded, again asserting that the trustee had failed to prove that the debtor had refused to comply with the Court's order (Adv. Pro. Docket No. 10).

## SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56, made applicable to bankruptcy proceedings by Bankruptcy Rule 7056, provides that a court "shall grant summary

judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Fed R. Bankr. P. 7056. Although Rule 56 was amended in 2010, the amendments did not substantively change the summary judgment standard. *Newell Rubbermaid, Inc. v. Raymond Corp.*, 676 F.3d 521, 533 (6th Cir. 2012). "A court reviewing a motion for summary judgment cannot weigh the evidence or make credibility determinations." *Ohio Citizen Action v. City of Englewood*, 671 F.3d 564, 569 (6th Cir. 2012). "Instead, the evidence must be viewed, and all reasonable inferences drawn, in the light most favorable to the non-moving party." *Id.* at 570. "A genuine issue of material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Yeschick v. Mineta*, 675 F.3d 622, 632 (6th Cir. 2012) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 , 248 (1986)).

## DISCUSSION

The trustee seeks to have the Court revoke the debtor's discharge under 11 U.S.C. § 727(d)(3) and (a)(6)(A). Section 727(d)(3) provides in pertinent part:

> (d) On request of the trustee, a creditor, or the United States trustee, and after notice and a hearing, the court shall revoke a discharge granted under subsection (a) of this section if–
> > (3) the debtor committed an act specified in subsection (a)(6) of this section[.]

4

11 U.S.C. § 727(d)(3). Section 727(a)(6)(A) provides in pertinent part:

> (a) The court shall grant the debtor a discharge, unless–
> . . . .
> (6) the debtor has refused, in the case–
> (A) to obey any lawful order of the court, other than an order to respond to a material question or to testify[.]

11 U.S.C. § 727(a)(6)(A).

Courts are split regarding what level of intent must be demonstrated under § 727(a)(6). *See In re Gentry*, 275 B.R. 747, 754 (Bankr. W.D. Va. 2001). Some courts have found that the word "refused" means that there must be a showing that the debtor willfully and intentionally refused to obey the court's order. *See Smith v. Jordan* (*In re Jordan*), 521 F.3d 430, 434 (4th Cir. 2008); *Concannon v. Constantini* (*In re Constantini*), 201 B.R. 312, 316 (Bankr. M.D. Fla. 1996); *Wilmington Trust Co. v. Jarrell* (*In re Jarrell*), 129 B.R. 29, 33 (Bankr. D. Del. 1991). Other courts have found that § 727(a)(6) is similar to a charge of civil contempt, thus negating the intent requirement. *See Hazlett v. Gorshe* (*In re Gorshe*), 269 B.R. 744, 746 (Bankr. S.D. Ohio 2001); *Hunter v. Watson* (*In re Watson*), 247 B.R. 434, 436 (Bankr. N.D. Ohio 2000).

This Court agrees with the courts that have found § 727(a)(6) to be similar to a charge of civil contempt. As other courts have noted, if Congress had intended to

include a willfulness or intentional standard in § 727(a)(6), Congress could have done so, as it did in § 727(a)(2). *See Hunter v. Magack* (*In re Magack*), 247 B.R. 406, 410 (Bankr. N.D. Ohio 1999).

The Sixth Circuit has held that in order for a party to be held liable for civil contempt, the moving party must establish that: "(1) the alleged contemnor had knowledge of the order which he is said to have violated; (2) the alleged contemnor did in fact violate the order; and (3) the order violated must have been specific and definite." *Watson*, 247 B.R. at 436 (citing *Glover v. Johnson*, 138 F.3d 229, 244 (6th Cir. 1998)).

First, the trustee has established that debtor had knowledge of the order directing turnover of funds issued by the Court on December 4, 2017, and both the debtor's answer filed on September 10, 2018, and the debtor's response to the trustee's motion for summary judgment filed on December 10, 2018, confirm her knowledge of the order. *See* Adv. Pro. Docket Nos. 4 and 10. Second, the debtor has failed to turnover the funds, thus violating the order. Finally, the order was specific and definite. *See* Docket No. 24.

Once the moving party establishes these three elements, then the debtor has "an obligation to explain [her] non-compliance." *Jordan*, 521 F.3d at 434 (quoting *Missouri ex rel. Nixon v. Foster* (*In re Foster*), 335 B.R. 716 (Bankr. W.D. Mo.

6

18-04032-aih    Doc 11    FILED 01/10/19    ENTERED 01/10/19 12:42:52    Page 6 of 8

2006)). Impossibility or inability to comply with the order are valid defenses to an action to revoke discharge under § 727(a)(6)(A). *See Magack*, 247 B.R. at 410. Mere assertions by the debtor are not sufficient; rather, the debtor must provide supporting evidence to explain the noncompliance. *See Magack*, 247 B.R. at 410 (citing *Harrison v. Metropolitan Gov't of Nashville & Davidson County, Tenn.*, 80 F.3d 1107, 1112 (6th Cir. 1998)). A debtor may not merely assert a present inability to comply, but must instead "introduce supportive evidence showing that all reasonable efforts to comply have been undertaken." *Magack*, 247 B.R. at 410-11.

In this proceeding, the trustee has established the necessary facts for revocation of discharge under § 727(d)(3) and (a)(6)(A) (Adv. Pro. Docket No. 13). The debtor was given an opportunity to explain her failure to comply with the Court's order directing turnover of funds, but failed to do so by not asserting specific, supportive evidence that "all reasonable efforts to comply" have been undertaken. The debtor's mere assertion that the trustee had failed to prove with specificity that the debtor had refused to comply with the Court's order does not provide an explanation for the debtor's noncompliance or demonstrate that the debtor has taken any reasonable efforts to comply. After reviewing the evidence in a light most favorable to the debtor, the Court finds no genuine issue of material

fact as to the debtor's failure to obey the Court's order directing turnover of funds. Accordingly, judgment in favor of the trustee, and revocation of the debtor's discharge under § 727(d)(3) and (a)(6)(A), are warranted as a matter of law.

CONCLUSION

For the reasons stated above, the Court grants the trustee's motion for summary judgment and revokes the debtor's discharge pursuant to 11 U.S.C. § 727(d)(3) and (a)(6)(A).

IT IS SO ORDERED.